UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**JOSHUA MERATH,**

Plaintiff,

v. Case No. 26-CV-1912

**ENGENDREN LLC,**

Defendant.

# COMPLAINT

## PARTIES

1. Joshua Merath is an adult resident of Racine County, Wisconsin. His consent to join form is filed as Exhibit 1 to this Complaint.

2. Engendren LLC is a limited liability company organized under the laws of Wisconsin. Defendant's registered agent in Wisconsin is Corporation Service Company, 33 East Main Street, Suite 610, Madison, Wisconsin 53703.

## JURISDICTION AND VENUE

3. The Court has original jurisdiction over Plaintiff's claims under the Fair Labor Standards Act ("FLSA") pursuant to 28 U.S.C. § 1331.

4. The Court has supplemental jurisdiction over Plaintiff's Wisconsin law claims under 28 U.S.C. § 1367 because those claims are so related to Plaintiff's FLSA claims that they form a part of the same case or controversy.

5. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to these claims occurred in this district.

## FACTUAL ALLEGATIONS

6. Defendant manufactures aluminum and copper-brass radiators, heat exchangers, and fluid cooling systems.

7. Defendant manufactures its products at 9625 55th Street, Kenosha, Wisconsin 53144.

8. Defendant ships its products from Wisconsin to other states.

9. Defendant manufactures its products with material that has traveled in interstate commerce.

10. On information and belief, in each of the three years preceding the filing of this action, Defendant's annual gross volume of sales made or business done was $500,000 or more.

11. At times in the past three years, Defendant employed Plaintiff as an hourly employee.

12. Defendant scheduled Plaintiff for a minimum of five eight-hour shifts per workweek.

13. Defendant required Plaintiff to record his hours worked by clocking in at the start of his work and clocking out at the end of his work with payroll software.

14. If Plaintiff clocked in before his scheduled shift start time, Defendant's payroll software automatically changed his clock-in time to his scheduled shift start time.

15. As a result of the automatic changes made by Defendant's payroll software to Plaintiff's clock-in times, Defendant did not pay Plaintiff for work performed before his scheduled shift start time.

16. If Plaintiff clocked out after his scheduled shift end time, Defendant's payroll software automatically changed his clock-out time to his scheduled shift end time.

17. As a result of the automatic changes made by Defendant's payroll software to Plaintiff's clock-out times, Defendant did not pay Plaintiff for work performed after his scheduled shift end time.

18. Plaintiff complained about the automatic changes made by Defendant's payroll software and the fact that the automatic changes resulted in unpaid overtime wages on multiple occasions.

19. Plaintiff complained about the automatic changes made by Defendant's payroll software and the fact that the automatic changes resulted in unpaid overtime wages to his supervisor.

20. Plaintiff complained about the automatic changes made by Defendant's payroll software and the fact that the automatic changes resulted in unpaid overtime wages to his supervisor's boss.

21. In April 2025, Plaintiff complained about the automatic changes made by Defendant's payroll software and the fact that the automatic changes resulted in unpaid overtime wages at a company-wide meeting.

22. On April 30, 2025, Plaintiff complained about the automatic changes made by Defendant's payroll software and the fact that the automatic changes resulted in unpaid overtime wages to Defendant's human resources department.

23. On April 30, 2025, Plaintiff reported Defendant to the police for wage theft.

24. On May 2, 2025, Defendant terminated Plaintiff's employment.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

25. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

26. Defendant has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

27. Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s).

28. Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

29. As alleged above, at times during the three years preceding the filing of this action, Defendant failed to pay Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek in violation of the FLSA.

30. Defendant knew that, or showed reckless disregard for whether, its conduct violated the FLSA.

**<u>SECOND CLAIM FOR RELIEF:</u>**
**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW**

31. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

32. Defendant has been, and continues to be, an employer within the meaning of Wis. Stat. § 103.01(1), Wis. Stat. § 109.01(2), and Wis. Admin. Code § DWD 274.03.

33. Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 103.001(5), Wis. Stat. § 109.01(1r), and Wis. Admin. Code § DWD 274.03.

34. As alleged above, at times during the two years preceding the filing of this action, Defendant failed to pay Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek in violation of Wisconsin law.

35. Defendant's violations of Wisconsin law were for dilatory and/or unjust reasons.

**<u>THIRD CLAIM FOR RELIEF:</u>**
**FAILURE TO PAY AGREED-UPON WAGES IN VIOLATION OF WISCONSIN LAW**

36. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

37. Defendant has been, and continues to be, an employer within the meaning of Wis. Stat. § 109.01(2).

38. Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r).

39. As alleged above, at times during the two years preceding the filing of this action, Defendant failed to pay Plaintiff's agreed-upon wages for all hours worked in violation of Wisconsin law.

40. Defendant's violations of Wisconsin law were for dilatory and/or unjust reasons.

## FOURTH CLAIM FOR RELIEF: RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

42. Plaintiff filed complaints with Defendant regarding its unlawful pay practices.

43. Plaintiff's complaints were sufficiently clear and detailed for a reasonable employer to understand that they were an assertion of rights protected by the FLSA and a call for the protection of those rights.

44. Defendant terminated Plaintiff's employment because he filed complaints regarding its unlawful pay practices in violation of 29 U.S.C. § 215(a)(3).

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

A. Judgment against Defendant in an amount equal to Plaintiff's back pay, front pay, unpaid overtime wages, unpaid agreed-upon wages, liquidated damages,

civil penalties, compensatory damages, and punitive damages under the FLSA and Wisconsin law;

B. An award of all costs and attorneys' fees incurred in the prosecution of this action pursuant to the FLSA and Wisconsin law; and

C. Any further relief that the Court deems just and equitable.

Dated: October 14, 2026


s/ Connor J. Clegg
Connor J. Clegg, State Bar No. 1118534
Larry A. Johnson, State Bar No. 1056619
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 North Port Washington Road Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
Fax: (414) 207-6079
E-mail: cclegg@hq-law.com
ljohnson@hq-law.com